In The United States District Court
For The Southern District Of Texas
Houston Division

| | |
|---|---|
| **Alireza Hasham Shirazie,** ) <br> **Haiderali Alireza Shirazie, and** ) <br> **All Others Similarly Situated** ) <br>     **Plaintiffs,** ) <br> ) <br> **v.** ) <br> ) <br> **Pinnacle Communications LLC; Phone** ) <br> **Depot Limited Liability Company; Crescent** ) <br> **TeleCom LLC; Car Evolution LLC; Abdul** ) <br> **Salam Khan; and, Hammas Ahmed** ) <br>     **Defendants.** ) <br> ) | Civil Action <br> File No. 4:23-cv- <br><br> Jury Demanded |

## Plaintiffs' Original Class Complaint

NOW COME PLAINTIFFS, Alireza Hasham Shirazie and Haiderali Alireza Shirazie ("Plaintiffs"), and all others similarly situated, and complain of Defendants (1) Pinnacle Communications LLC; (2) Phone Depot Limited Liability Company; (3) Crescent TeleCom LLC; (4) Car Evolution LLC; (5) Abdul Salam Khan; and (6) Hammas Ahmed ("Defendants"). Plaintiffs would respectfully show the Honorable Court as follows:

I.
### Introduction and Summary of Suit

1. Plaintiffs and Members of the Plaintiff Class file this collective action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), seeking to recover unpaid overtime and straight-time wages from the Defendants.

2. The Defendants own and operate multiple cellular telephone stores in and around Texas ("Cell Phone Stores").

3. In violation of the FLSA, Defendants failed to pay overtime wages to Plaintiffs and to Members of the Plaintiff Class, who routinely worked in excess of 40 hours a week for the Defendants. *See* 29 U.S.C. § 207(a).

1

4. Plaintiffs and Members of the Plaintiff Class also did not receive their full wages because the Defendants routinely made unauthorized deductions from their pay.

5. The Defendants engage in company-wide, uniformly applied, policies resulting in these violations of the FLSA.

6. This action therefore seeks all unpaid wages, liquidated damages, attorney's fees, all costs of the action, and post-judgment interest, for Defendants' willful violations of the FLSA committed on a weekly basis against Plaintiffs and against all Members of the Plaintiff Class.

II.
SUBJECT MATTER JURISDICTION AND VENUE

7. Plaintiffs file suit pursuant to the FLSA, a federal statute. 28 U.S.C. §1331.

8. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

III.
PARTIES AND PERSONAL JURISDICTION

9. Plaintiff, Alireza Hasham Shirazie, is a resident of Harris County, Texas, and was an employee who worked as a clerk at Defendants' Cell Phone Store.

10. Plaintiff, Haiderali Alireza Shirazie, is a resident of Harris County, Texas, and was an employee who worked as a clerk at Defendants' Cell Phone Store.

11. Members of the "Plaintiff Class" are current and former non-exempt employees of the Defendants who work, or worked, at one or more Cell Phone Stores owned, operated and/or controlled by the Defendants during the relevant period, and who did not receive their full wages during one or more workweek.

12. Defendant, Pinnacle Communications LLC, is a validly existing Texas limited liability company that may be served by serving its duly appointed registered agent, Hammas Ahmed, at 27953 Emory Cove Drive, Spring, Texas 77386. This Defendant has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiffs and Members of the Plaintiff

Class. Further, by operating Cell Phone Stores in Texas, this Defendant has engaged in, and currently engages in, business in the State of Texas.

13. Defendant, Phone Depot Limited Liability Company, is a validly existing Texas limited liability company that may be served by serving its duly appointed registered agent, Hammas Ahmed, at 27953 Emory Cove Drive, Spring, Texas 77386. This Defendant has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiffs and Members of the Plaintiff Class. Further, by operating Cell Phone Stores in Texas, this Defendant has engaged in, and currently engages in, business in the State of Texas.

14. Defendant, Crescent TeleCom LLC, is a validly existing Texas limited liability company that may be served by serving its duly appointed registered agent, Hammas Ahmed, at 27953 Emory Cove Drive, Spring, Texas 77386. This Defendant has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiffs and Members of the Plaintiff Class. Further, by operating Cell Phone Stores in Texas, this Defendant has engaged in, and currently engages in, business in the State of Texas.

15. Defendant, Car Evolution LLC, is a validly existing Texas limited liability company that may be served by serving its duly appointed registered agent, Hammas Ahmed, at 27953 Emory Cove Drive, Spring, Texas 77386. This Defendant has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiffs and Members of the Plaintiff Class. Further, by operating Cell Phone Stores in Texas, this Defendant has engaged in, and currently engages in, business in the State of Texas.

16. Defendant, Abdul Salam Khan, is an individual who may be served with summons and complaint at 9494 Humble Westfield Road, #1213, Humble, Texas 77389, or at any other address where he may be found. This Defendant, along with the other named individual Defendant, owns, controls and operates an enterprise that owns, or has owned, one or more business

establishments engaged in interstate commerce or in the production of goods for interstate commerce, including but not limited to the business establishments owned and operated by the named legal entity Defendants. As an 'employer', Mr. Abdul Salam Khan is personally liable to Plaintiffs and Members of the Plaintiff Class.

17. Defendant, Hammas Ahmed, is an individual who may be served with summons and complaint at 27953 Emory Cove Drive, Spring, Texas 77386, or at any other address where he may be found. This Defendant, along with the other named individual Defendant, owns, controls and operates an enterprise that owns, or has owned, one or more business establishments engaged in interstate commerce or in the production of goods for interstate commerce, including but not limited to the business establishments owned and operated by the named legal entity Defendants. As an 'employer', Mr. Hammas Ahmed is personally liable to Plaintiffs and Members of the Plaintiff Class.

18. Whenever this complaint alleges the Defendants committed any act or omission, it is meant that such act / omission was not only committed individually or jointly by the Defendants, but also by Defendants' officers, directors, vice-principals, agents, servants, or employees, and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants, or employees.

## IV.
### FLSA Coverage

19. "Individual coverage" exists under the FLSA in this civil action.

20. "Enterprise coverage" exists under the FLSA in this civil action.

21. Plaintiffs allege a willful violation of the FLSA, and as such, the "relevant period" or "class period" is the time-period beginning on the date that is three years prior to the filing date of this civil action, November 28, 2023, and continuing thereafter until time of trial and judgment.

22. Mr. Alireza Hasham Shirazie's asserted claims arose within the relevant period.

23. Mr. Haiderali Alireza Shirazie's asserted claims arose within the relevant period.

24. During the relevant period, each Plaintiff and each Member of the Plaintiff Class was an "employee" under 29 U.S.C. § 203(e), and in particular, an "employee" of each Defendant.

25. During the relevant period, each Defendant was Plaintiff's "employer" under 29 U.S.C. § 203(d).

26. During the relevant period, Defendants and their Cell Phone Stores were an "enterprise". 29 U.S.C. § 203(r) and 29 U.S.C. § 203(s)(1)(A).

27. During the relevant period, the Defendants collectively comprised an "enterprise engaged in commerce" or an enterprise engaged in the "production of goods for commerce" because the Defendants had employees, including Mr. Alireza Hasham Shirazie and Mr. Haiderali Alireza Shirazie, who were engaged in commerce and in the production of goods for commerce. 29 U.S.C. § 203(s)(1).

28. Mr. Alireza Hasham Shirazie and Mr. Haiderali Alireza Shirazie were each engaged in the "production of goods" because each was employed in "producing, manufacturing, mining, **handling**, or transporting goods, or in any other manner worked on goods or any closely related process or occupation directly essential to the production of goods." [emphasis supplied] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS (Civil Cases) §11.24(B) (2020). Thus, for the relevant period, each Plaintiff meets the FLSA's individual coverage requirement because each was engaged in the 'production of goods', which entails, among other methods, the 'handling' of goods that travelled from out of state. See, *Brennan v. Greene's Propane Gas Service*, 479 F.2d 1027, 1030 (5th Cir. 1973).

29. Additionally, Defendants had employees in addition to Mr. Alireza Hasham Shirazie and Mr. Haiderali Alireza Shirazie who were handling, selling, or otherwise working on

5

goods or materials that had been handled, moved in or produced for commerce, which were used directly in furtherance of Defendants' commercial activities at their Cell Phone Stores.

30. Therefore, the Defendants were engaged in commerce or in the production of goods for commerce because they had employees during the relevant period who were engaged in commerce or in the production of goods for commerce.

31. Further, during the relevant period, Defendants and their Cell Phone Stores were an integrated enterprise, in that "[s]uperficially distinct entities may be exposed to liability upon a finding that they represent a single, integrated enterprise: a single employer". *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983).

32. For each year encompassing some or all of the relevant period, Defendants generated the annual gross business volume in excess of the statutory standard.

## V.
### COLLECTIVE ACTION ALLEGATIONS

33. Plaintiffs seek collective action certification pursuant to 29 U.S.C. § 216(b) and the standard set forth in *Swales v. KLLM Transport Services, Inc.*, 985 F.3d 430 (5th Cir. 2021).

34. Plaintiffs seek notice to issue to all of Defendants' non-exempt employees who were, together, victims of Defendants' violations of the FLSA falling within the relevant period.

35. Each Plaintiff and each Member of the Plaintiff Class worked overtime hours for which he or she received no overtime wages.

36. In determining each employee's unpaid overtime wages at trial, the jury will be required to utilize the correct base hourly rate. And, as the FLSA requires, the total weekly compensation will include each employee's weekly commissions and all other compensation earned, divided by the total weekly hours worked.

37. By failing to pay each non-exempt employee's overtime hours at the required premium overtime rate of time-and-one-half of each respective employee's base hourly rate, the

6

Defendants repeatedly violated the FLSA on a weekly basis. *See* 29 U.S.C. §207(a)(1).

38. By making unauthorized deductions from their employees' pay, the Defendants further violated the FLSA because they failed to pay their employees' wages in full. *See* 29 U.S.C. §207(a)(1) and 29 U.S.C. §206(a)(1).

39. By completely failing to document the overtime hours each employee worked, and by failing to document the overtime wages each employee is owed, the Defendants committed repeated and willful violations of the recordkeeping requirements of the FLSA (29 U.S.C. §211(c); 29 C.F.R. §516. 29; and C.F.R. §516.27).

40. During the class period, the Defendants owned, controlled and operated the Cell Phone Stores, and they implemented these illegal pay policies across their enterprise and all of their businesses.

41. Defendants' uniform policy of paying their employees' overtime hours worked with straight-time hourly rates is *prima facie* evidence of "some identifiable facts or legal nexus [that] bind the claims so that hearing the cases together promotes judicial efficiency." *McKnight v. D. Hous., Inc.*, 756 F. Supp. 2d 794, 801 (S.D. Tex. 2010) (Rosenthal, J.).

42. Similarly, Defendants' uniform policy of making unauthorized deductions from their employees' pay is *prima facie* evidence of "some identifiable facts or legal nexus [that] bind the claims so that hearing the cases together promotes judicial efficiency." *McKnight v. D. Hous., Inc.*, 756 F. Supp. 2d 794, 801 (S.D. Tex. 2010) (Rosenthal, J.).

43. The Defendants have victimized Members of the Plaintiff Class, and Plaintiffs, by their ill-conceived patterns, practices, and policies in violation of the FLSA.

44. Each Plaintiff's experience was typical of the experiences of Members of the Plaintiff Class as it pertains to unpaid overtime wages and unauthorized pay deductions; and, the specific job titles or job requirements of the various members of the Plaintiff Class do not prevent

collective treatment because of said legal nexus binding them together as a class.

45. By working at the Cell Phone Stores, each Plaintiff acquired first-hand knowledge of other non-exempt employees not receiving their overtime wages.

46. Similarly, by working at the Cell Phone Stores, each Plaintiff acquired first-hand knowledge of other non-exempt employees not receiving their full wages due to unauthorized pay deductions the Defendants made on a weekly basis.

47. Thus, although the amount of damages the Defendants owe may vary among Members of the Plaintiff Class and the Plaintiffs, there remains no detraction from the common nucleus of liability facts rendering this matter appropriate as a collective action pursuant to 29 U.S.C. § 216(b), and pursuant to the new standard set forth by the Fifth Circuit in *Swales v. KLLM Transport Services, Inc.*, 985 F.3d 430 (5th Cir. 2021).

48. All current and former non-exempt employees to whom the Defendants denied overtime compensation in one or more workweek are similarly situated to Plaintiffs and are thus appropriate members of the Plaintiff Class.

49. Additionally, all current and former non-exempt employees to whom the Defendants denied full wages due to unauthorized pay deductions made in one or more workweek are similarly situated to Plaintiffs and are thus appropriate members of the Plaintiff Class.

50. Plaintiffs seek to represent a class comprised of **all current and former employees of all Cell Phone Stores who (a) were paid at a straight-time hourly rate for hours worked in excess of forty (40) in any workweek during the relevant period, and/or (b) were denied their full wages resulting from Defendants' unauthorized pay deductions**.

51. Individuals who opt in will be added to the litigation, and copies of their written consents to join this collective action will be filed with the Court.

# VI.
# FACTS

52. The Defendants own and operate multiple Cell Phone Stores in Texas.

53. In order to operate their Cell Phone Stores during the relevant period, the Defendants employed several hundred non-exempt employees, which included Plaintiffs Alireza Hasham Shirazie and Haiderali Alireza Shirazie.

54. In operating their Cell Phone Stores during the relevant period, the Defendants had, and exercised, full authority over the operations of these businesses.

55. The Defendants had the sole authority to make, and they made, all decisions relating to Plaintiffs' and Class Members' employment, including:

   a. all decisions pertaining to the payment or non-payment of their wages owed (i.e., non-payment of overtime wages and some straight-time wages);

   b. their rates of pay;

   c. the number of hours they worked during each workweek;

   d. the process by which their hours were recorded; and,

   e. all pay deductions made prior to dispensation of their wages.

*Plaintiff Alireza Hasham Shirazie's employment with the Defendants.*

56. The Defendants employed Mr. Alireza Hasham Shirazie in the capacity of a non-exempt employee. As such, no exemption found in the FLSA excused payment of overtime wages to Mr. Shirazie.

57. Mr. Alireza Hasham Shirazie worked for the Defendants from February 28, 2023, until April 22, 2023.

58. During this period, Mr. Shirazie worked at Defendants' "Metro by T-Mobile" branded store located at 2819 Collingsworth Street, Houston, Texas 77026.

59. Upon Defendants' direction, Mr. Shirazie worked overtime hours each week because, on average, he worked 65 hours a week.

60. Mr. Shirazie's job duties included operating the cash register, assisting customers with their purchases, and the general upkeep of the premises.

61. At the time the Defendants hired Mr. Shirazie, he was informed that he would not receive any overtime pay, and that he would typically be required work more than 40 hours a week.

62. Defendants failed to pay Mr. Shirazie's overtime wages.

63. Defendants also failed to pay Mr. Shirazie's wages in full because the Defendants make unauthorized deductions from Mr. Shirazie's pay.

64. Mr. Alireza Hasham Shirazie now sues the Defendants for all of his unpaid wages, and for all other damages allowed under the FLSA.

*Plaintiff Haiderali Alireza Shirazie's employment with the Defendants.*

65. The Defendants employed Mr. Haiderali Alireza Shirazie in the capacity of a non-exempt employee. As such, no exemption found in the FLSA excused payment of overtime wages to Mr. Shirazie.

66. Mr. Haiderali Alireza Shirazie worked for the Defendants from February 28, 2023, until April 22, 2023.

67. During this period, Mr. Shirazie worked at Defendants' "Metro by T-Mobile" branded store located at 2819 Collingsworth Street, Houston, Texas 77026.

68. Upon Defendants' direction, Mr. Shirazie worked overtime hours each week because, on average, he worked 70 hours a week.

69. Mr. Shirazie's job duties included operating the cash register, assisting customers with their purchases, and the general upkeep of the premises.

70. At the time the Defendants hired Mr. Shirazie, he was informed that he would not receive any overtime pay, and that he would typically be required work more than 40 hours a week.

71. Defendants failed to pay Mr. Shirazie's overtime wages.

72. Defendants also failed to pay Mr. Shirazie's wages in full because the Defendants make unauthorized deductions from Mr. Shirazie's pay.

73. Mr. Haiderali Alireza Shirazie now sues the Defendants for all of his unpaid wages, and for all other damages allowed under the FLSA.

*Employment of the Members of the Plaintiff Class with the Defendants.*

74. Like Plaintiffs Alireza Hasham Shirazie and Haiderali Alireza Shirazie, Members of the Plaintiff Class received no overtime wages during the relevant period, resulting from Defendants' wide-spread policy of paying straight-time wages for overtime hours worked.

75. Like Plaintiffs Alireza Hasham Shirazie and Haiderali Alireza Shirazie, Members of the Plaintiff Class also did not receive their full wages because the Defendants routinely made unauthorized deductions from their pay during the relevant period.

76. During the relevant period, the Defendants engaged in company-wide, uniformly applied, policies that resulted in these violations of the FLSA.

77. The FLSA violations affected not just the Plaintiffs, but also all Members of the Plaintiff Class, in an identical manner – loss of their wages from unauthorized deductions, and non-payment of all of their overtime wages.

78. This action therefore seeks all unpaid wages, liquidated damages, attorney's fees, all costs of the action, and post-judgment interest, for Defendants' willful violations of the FLSA committed on a weekly basis not just against the Plaintiffs, and also against all Members of the Plaintiff Class.

# VII.
## CAUSE OF ACTION AND DAMAGES SOUGHT

<u>Violations of the FLSA – Failure to pay overtime wages to Plaintiffs and to Members
of the Plaintiff Class; failure to pay all wages to Plaintiffs and to Members
of the Plaintiff Class resulting from unauthorized pay deductions</u>

79. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

80. Plaintiffs, and Members of the Plaintiff Class, are non-exempt employees – that is, they are entitled to receive overtime wages pursuant to the FLSA for all hours they worked in excess of 40 during each seven-day workweek.

81. During their employment with the Defendants, Plaintiffs and Members of the Plaintiff Class typically worked overtime hours on a weekly basis at the request of their employer without receiving overtime pay for these overtime hours.

82. Defendants' pattern and practice of not paying overtime wages to Plaintiffs and to Members of the Plaintiff Class violates the FLSA. See, 29 U.S.C. § 207.

83. Defendants' pattern and practice of making unauthorized pay deductions from their employees' weekly pay violates 29 U.S.C. § 207 and 29 U.S.C. § 206.

84. Because Defendants have a wide-spread policy and practice of not paying employees' overtime and straight-time wages, the Defendants and the businesses they controlled committed repeated, continuing, and willful violations of 29 U.S.C. § 201, *et seq*. Defendants knowingly committed these violations of the FLSA.

85. Plaintiffs, and Members of the Plaintiff Class, now sue for their unpaid overtime wages, and for their additional unpaid wages resulting from unauthorized pay deductions.

86. Plaintiffs, and Members of the Plaintiff Class, also seek from the Court their liquidated damages in amounts equaling all of their unpaid wages to be awarded by the jury at trial.

87. Plaintiffs, and Members of the Plaintiff Class, seek attorney's fees and costs for bringing this action pursuant to 29 U.S.C. §216(b), which requires that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

88. Plaintiffs, and Members of the Plaintiff Class, seek post-judgment interest at the highest rate allowed by law, assessed upon all damages, including attorney's fees and costs.

## VIII.
## JURY DEMAND

89. Plaintiffs and Members of the Plaintiff Class demand a jury trial.

## IX.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Alireza Hasham Shirazie and Haiderali Alireza Shirazie, and Members of the Plaintiff Class, respectfully request that upon final hearing the Honorable Court grant relief against Defendants (1) Pinnacle Communications LLC; (2) Phone Depot Limited Liability Company; (3) Crescent TeleCom LLC; (4) Car Evolution LLC; (5) Abdul Salam Khan; and (6) Hammas Ahmed, jointly and severally, as follows:

  a. Authorize Plaintiffs to conduct all discovery contemplated by the Fifth Circuit in *Swales v. KLLM Transport Services, Inc.*, 985 F.3d 430 (5th Cir. 2021);

  b. Authorize issuance of notice to all individuals falling within the class set forth in Paragraph 50 of this complaint, informing them of their right to participate in this lawsuit;

  c. Declare the Defendants violated 29 U.S.C. § 207 by failing to pay Plaintiffs and Members of the Plaintiff Class their overtime wages;

  d. Declare the Defendants violated 29 U.S.C. § 207 and 29 U.S.C. § 206 by failing to pay all wages to Plaintiffs and to Members of the Plaintiff Class resulting from unauthorized pay deductions;

  e. Declare the Defendants' violations of the FLSA are willful;

  f. Order the Defendants to pay all overtime wages owed to Plaintiffs and to Members of the Plaintiff Class;

g. Order Defendants to pay all wages owed to Plaintiffs and to Members of the Plaintiff Class resulting from Defendants' unauthorized pay deductions;

h. Order Defendants to pay liquidated damages to Plaintiffs and to Members of the Plaintiff Class in an amount equaling all unpaid wages;

i. In accordance with 29 U.S.C. §216(b), order the Defendants to pay reasonable attorney's fees and costs that Plaintiffs and Members of the Plaintiff Class necessarily incurred prosecuting this civil action;

j. Order Defendants to pay post-judgment interest at the highest lawful rate for all amounts assessed against the Defendants, including attorney fees and costs; and,

k. Order all other relief, whether legal, equitable or injunctive, to effectuate and implement the remedial purpose and directives of the FLSA as determined by the United States Congress.

Respectfully submitted,

**ALI S. AHMED, P.C.**

By: */s/ Salar Ali Ahmed*
**Salar Ali Ahmed**
Federal Id. No. 32323
State Bar No. 24000342
430 W. Bell Street
Houston, Texas 77019
Telephone: (713) 898-0982
Email: aahmedlaw@gmail.com

Attorney for Plaintiffs
Alireza Hasham Shirazie,
Haiderali Alireza Shirazie, and
Members of the Plaintiff Class